United States District Court
Southern District of Texas

**ENTERED**

July 16, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:21-cv-00003 |
| 29.36 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; and JOHN | § | |
| F.J. GUERRA, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court now considers the "United States' Motion Seeking Final Judgment and Order Establishing Just Compensation, Granting Possession, Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-R1618E, and Closing Case."[1] Plaintiff United States commenced this eminent domain case under the Declaration of Taking Act[2] on January 4, 2021, with a complaint, declaration, and notice to obtain temporary easements over 29.36 acres of land designated Tracts RGV-RGC-R1618E (E), RGV-RGC-R1618E-1 (E-1), and RGV-RGC-R1618E-2 (E-2).[3] The three tracts are more or less square in shape and are stacked, north to south, as if they were building blocks. Tract E-1 is the northernmost, which is adjacent to Tract E to its immediate south, which is adjacent to Tract E-2 to its immediate south.[4]

On June 23, 2021, the Court recognized that the only landowner and interested party Defendant John F. J. Guerra refuses to participate in this case or communicate with the United States, so the Court ordered the United States to either seek final judgment or dismiss this case.[5] The United States timely filed the instant motion seeking final judgment, but the United States

---

[1] Dkt. No. 19.
[2] 40 U.S.C. §§ 3111–18.
[3] Dkt. Nos. 1–3.
[4] Dkt. No. 1-1 at 8.
[5] Dkt. No. 18.

only seeks to acquire possession and establish just compensation as to solely Tract E, the middle tract.[6] The United States asks that this case be closed after the Court establishes just compensation and possession as to only Tract E.[7]

This the Court cannot do. Because the United States filed its declaration of taking[8] and deposited estimated just compensation,[9] it took some title to all three Tracts it sought to acquire.[10] If Plaintiff United States acquired any "title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken."[11] Even if a taking is temporary, "the Just Compensation Clause of the Fifth Amendment requires that the government pay the landowner for the value of the use of the land during this period."[12] Because the United States seeks to establish just compensation as to only one Tract and to thereafter close the case, without discussing the relationship or just compensation as to the other two Tracts, the Court cannot grant the motion. The United States' motion is therefore **DENIED WITHOUT PREJUDICE.**[13] The Court **ORDERS** Plaintiff United States to, no later than **July 23, 2021**, either (1) file an appropriate motion seeking to attain final judgment and resolve this case in accordance with this order, or (2) file dismissal documentation.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[6] Dkt. No. 19 at 8, ¶ 21.
[7] *Id.* at 10, ¶ 21.*l.*
[8] Dkt. No. 2.
[9] Dkt. No. 6.
[10] *See United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981).
[11] Fed. R. Civ. P. 71.1(i)(1)(C).
[12] *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty.*, 482 U.S. 304, 319 (1987).
[13] Dkt. No. 19.