Case 7:21-cv-00003   Document 22   Filed on 07/26/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:21-cv-00003 |
| 29.36 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and JOHN § | |
| F.J. GUERRA, § | |
| § | |
| Defendants. § | |

## **ORDER**

The Court now considers the "United States' Motion Seeking Final Judgment and Order Establishing Just Compensation, Granting Possession, Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-R1618E, RGV-RGC-R1618E-1 and RGV-RGC-R1618E-2 and Closing Case."[1] After the Court denied without prejudice the United States' previous similar motion,[2] the instant motion is timely.

Plaintiff United States commenced this eminent domain case under Public Law 107-217[3] on January 4, 2021, with a complaint, declaration, and notice[4] to obtain a temporary easement over three Tracts designated RGV-RGC-R1618E, RGV-RGC-R1618E-1, and RGV-RGC-R1618E-2 which together constitute 29.36 acres of land. On January 13th, the United States deposited $100 in the registry of the Court as estimated just compensation pursuant to Federal

---

[1] Dkt. No. 21.
[2] Dkt. No. 20.
[3] Act of Aug. 21, 2002, ch. 31, Pub. L. No. 107–217, 116 Stat. 1062 (codified at 40 U.S.C. §§ 3111–18); *see* Act of Feb. 26, 1931, ch. 307, Pub. L. No. 71-736, 46 Stat. 1421 (codifying 40 U.S.C. § 258a, now 40 U.S.C. § 3114); *United States v. Dow*, 357 U.S. 17, 22 (1958) (calling these provisions the "Declaration of Taking Act").
[4] *See* Dkt. Nos. 1–3.

Rule of Civil Procedure 71.1(j)(1) and 40 U.S.C. § 3114(b).[5] The United States named only Defendant John F. J. Guerra[6] and served him on April 7th,[7] but days thereafter, despite earlier contacts, Defendant became unreachable and has not participated in this case.[8] The Court ordered[9] and re-ordered the United States to either file a motion seeking final judgment or file dismissal documentation.[10] The United States' motion to obtain final judgment was filed timely and is now ripe because Defendant Guerra continues to be unreachable and non-participatory[11] (despite his past participation in other cases[12]).

In the instant motion, the United States requests "that this Court issue a final judgment and order establishing just compensation, granting possession, distributing funds on deposit in the Registry of the Court, and closing case for all three tracts."[13] The Court finds good cause to do so, because "[t]he burden of establishing the value of the land sought to be condemned remains with the landowner,"[14] but Defendant landowner has not answered or appeared to carry his burden,[15] and this Court has repeatedly found $100 to be just compensation for temporary takings in similar cases.[16] Furthermore, because the United States filed the appropriate documentation and deposited estimated just compensation for the taking, the United States is

---

[5] Dkt. No. 6; *see* Dkt. No. 1-1 at 13 (estimating $100).
[6] Dkt. No. 1-1 at 15.
[7] Dkt. No. 14.
[8] *See* Dkt. No. 18.
[9] Dkt. No. 18.
[10] Dkt. No. 20.
[11] Dkt. No. 21.
[12] Affidavit of Landowner Regarding Just Compensation (Dkt. No. 24-2), *United States v. 8.903 Acres of Land, more or less, in Starr Cnty.*, No. 7:19-cv-52, 2020 WL 4350724 (S.D. Tex. July 29, 2020).
[13] *Id.* at 3, ¶ 8.
[14] *United States v. 62.50 Acres of Land more or less, Situated in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273–76 (1943)).
[15] *See* FED. R. CIV. P. 12(a) (giving only 21 days to respond to a complaint).
[16] *E.g.*, *United States v. 117.543 Acres of Land, more or less, in Hidalgo Cnty.*, 504 F. Supp. 3d 595, 606 (S.D. Tex. 2020) (Alvarez, J.) (citing *United States v. 8.903 Acres of Land*, No. 7:19-cv-52, 2020 WL 4350724, at *6, 2020 U.S. Dist. LEXIS 134134 (S.D. Tex. July 29, 2020) (Alvarez, J.)).

entitled to possession of the interests taken.[17] Accordingly, the Court **GRANTS** the United States' motion subject to the terms that appear in the Court's final judgment. Upon entry of the final judgment, this case will terminate.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 26th day of July 2021.

                                         Micaela Alvarez
                                         United States District Judge

---

[17] 40 U.S.C. § 3114(b)(1) ("On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration, title to the estate or interest specified in the declaration vests in the Government."); *see Kirby Forest Indus. v. United States*, 467 U.S. 1, 5 (1984) ("Title and right to possession thereupon vest immediately in the United States."); *United States v. Miller*, 317 U.S. 369, 381 (1943) ("The purpose of the statute is . . . to give the Government immediate possession of the property . . . ."); *United States v. 162.20 Acres of Land, more or less, Situated in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. Unit A 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").