United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:21-cv-00003 | |
| 29.36 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and JOHN § | |
| F.J. GUERRA, § | |
| § | |
| Defendants. § | |

## FINAL JUDGMENT

The Court hereby renders final judgment in this case in accordance with Federal Rules of Civil Procedure 54 and 58. Having considered the "United States' Motion Seeking Final Judgment and Order Establishing Just Compensation, Granting Possession, Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-R1618E, RGV-RGC-R1618E-1 and RGV-RGC-R1618E-2 and Closing Case,"[1] and determining that it warrants entry of this final judgment,[2] the Court **ORDERS, ADJUDGES**, and **DECREES** that:

With respect to and over Tracts RGV-RGC-R1618E and RGV-RGC-R1618E-1 and RGV-RGC-R1618E-2, which altogether constitute 29.36 acres of land, as more particularly described by metes and bounds and depicted on the United States' map,[3] the United States is granted a temporary and assignable easement existing from January 13, 2021, until January 13, 2022 (whereupon the easement will expire and be of no further force or effect), consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over, and across the land to survey, make borings, and conduct other investigatory work for the purposes for which

---

[1] Dkt. No. 21.
[2] Dkt. No. 22.
[3] Dkt. No. 1-1 at 6–9.

the property is taken as described in this final judgment, including the right to trim or remove any vegetative or structural obstacles that interfere with said work; but reserving to Defendant John F. J. Guerra all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights the United States herein acquires; and subject to minerals and rights appurtenant thereto and subject to existing easements for public roads and highways, public utilities, railroads, and pipelines. The United States is granted immediate possession of its real property interests granted herein and all those who interfere with or whose use is inconsistent with the same are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

The United States must use its interests granted by this final judgment for the public purposes for which the property is taken: to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

The total sum of one hundred dollars ($100), together with any interest earned while on deposit in the registry of the Court,[4] constitutes just compensation under the Fifth Amendment to the United States Constitution for the temporary taking of Tracts RGV-RGC-R1618E and RGV-RGC-R1618E-1 and RGV-RGC-R1618E-2 as described above and the sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation.[5] All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of January 13, 2021,[6] shall be deducted from the compensation

---

[4] *See* Dkt. No. 6; 40 U.S.C. § 3116.
[5] *See* Dkt. No. 21 at 9, ¶ 23.b. ("The United States respectfully requests that judgment be entered against the United States in the amount of one hundred dollars . . . .").
[6] *See* Dkt. No. 1-1 at 13 (identifying $100 as estimated just compensation); Dkt. No. 6 (Jan. 13, 2021) (the Clerk of the Court's receipt for the deposit of $100); 40 U.S.C. § 3114(b)(1)–(2) (once the estimated amount of just compensation is deposited, the land is condemned and taken and title vests in the government); *see United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. Unit A Mar. 1981) ("[T]he filing of a

distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse the $100 on deposit in the Court's registry, together with all interest accrued pursuant to 40 U.S.C. § 3116, to Defendant John F. J. Guerra.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in property taken in this proceeding, Defendant John F. J. Guerra shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant John F. J. Guerra. Each party to this proceeding is to bear its own costs and fees. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking.").